## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BALD GUY C-STORE, INC. and**
**HUSSEIN ABDALLAH,**

        **Plaintiffs,**

**v.**                                                     **Case No: 6:22-cv-977-PGB-DCI**

**UNITED STATES OF AMERICA,**

        **Defendant.**
_____/

### <u>ORDER</u>

This cause is before the Court on the parties' Joint Motion for Reconsideration (Doc. 28 (the "**Motion for Reconsideration**")) of the Court's Order striking Defendant United States of America's ("**Defendant**") Motion for Summary Judgment (Doc. 24 (the "**Motion for Summary Judgment**")). Upon due consideration, the Motion for Reconsideration will be denied.

## I.    BACKGROUND

On January 2, 2024, Defendant filed its Motion for Summary Judgment in this matter. (*Id.*). This Motion for Summary Judgment was filed in violation of the Case Management and Scheduling Order (Doc. 20 (the "**CMSO**")) that governs this case. The CMSO required Defendant to: (1) meet and confer with Plaintiffs to create a Stipulation of Agreed Material Facts ("**Stipulation**") pertinent to the resolution of the Motion for Summary Judgment fourteen (14) days prior to filing such Motion; (2) file the Stipulation on the docket for the Court's use when ruling

on the Motion for Summary Judgment; and (3) specify within the Motion for Summary Judgment the stipulated material facts pertinent to its resolution. (*Id.* at p. 8). Defendant did not file the requisite Stipulation, and thus, none of the aforementioned requirements were met.

In its Motion for Summary Judgment, Defendant asserts, and Plaintiffs apparently concede, that Defendant encountered difficulty in conferring with Plaintiffs to arrive at the required Stipulation. (Doc. 24, p. 2 n.1; *see also* Doc. 28, pp. 2–3). However, instead of promptly informing the Court of Plaintiffs' failure to comply with this Court's Orders, Defendant submitted its Motion for Summary Judgment on the day of the dispositive motions deadline in the absence of the required Stipulation. (*See id.*).

Similarly, Plaintiffs were required to "specify the stipulated material facts pertinent to the resolution of the motion" in responding in opposition to the Motion for Summary Judgment. (*See* Doc. 20, p. 8). Instead, on January 23, 2024, Plaintiffs submitted their response in opposition to Defendant's Motion for Summary Judgment (Doc. 25 (the "**Response**")) in the absence of the required Stipulation. (*See id.*). Then, on February 6, 2024, Defendant filed its Reply to Plaintiffs' Response. (Doc. 26).

On March 22, 2024, upon finding that a Stipulation had neither been filed nor cited by the parties in their respective briefing, the Court struck Defendant's Motion for Summary Judgment. (Doc. 27). However, because the deadline for filing dispositive motions had passed, the Court provided Defendant with an

extension for resubmitting its Motion for Summary Judgment in a manner that complies with the CMSO. (*See id.*; Doc. 20).

Now, the parties jointly move the Court to reconsider its Order striking Defendant's Motion for Summary Judgment. (Doc. 28). The parties cite that the matter has been fully briefed and that they have since arrived at the required Stipulation, reasoning that it will facilitate "judicial economy and efficiency" for the Court to rule on the previously filed arguments. (*Id.* at pp. 2–3).

## II.   LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[1] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation

---

[1]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[2]

## III.   DISCUSSION

The Court finds that the parties have not met the high bar required to warrant reconsideration of the Court's Order striking Defendant's Motion for Summary Judgment. (*See* Docs. 27, 28). Requiring the parties to refile their briefing in a manner that complies with the governing CMSO in this case was not a manifest error of law or fact. *See Arthur*, 500 F.3d at 1343. Further, the parties do not set forth other extraordinary circumstances warranting such relief. *See id.*

The CMSO's express purpose is to "discourage wasteful pretrial activities and to secure the just, speedy, and inexpensive determination of the action." (Doc. 20, p. 3 (citing FED. R. CIV. P. 1; Local Rule 1.01(a))). Accordingly, the CMSO's requirement that the parties not only file—but also utilize and cite to—a Stipulation in briefing motions for summary judgment exists to facilitate judicial efficiency and economy. (*See id.*). Further, the CMSO's requirements are not mere suggestions that may be disregarded or stipulated around by the parties.

---

[2] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

**IV.    CONCLUSION**

For the aforementioned reasons, the parties' Joint Motion for Reconsideration (Doc. 28) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 4, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties